UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/2019
```

---------------------------------------------------------------- X

Fiduciary Network, LLC,      :
                             :
                 Plaintiff(s),   :
                             :        1: 19  -cv- 00379 -GHW
                             :
         -v -                :        CIVIL CASE MANAGEMENT
                             :        PLAN AND SCHEDULING
Mark P. Hurley,             :        ORDER
                             :
                 Defendant(s).   :
                             :
---------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ.
P. 26(f)(3).

1.    All parties [consent ☐ / do not consent ☑] to conducting all further proceedings
      before a United States Magistrate Judge, including motions and trial.  28 U.S.C. § 636(c).
      The parties are free to withhold consent without adverse substantive consequences.  [*If all
      parties consent, the remaining paragraphs need not be completed.  Instead, the parties should submit to the
      Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at
      http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge.*]

2.    The parties [have ☑ / have not ☐] conferred pursuant to Fed. R. Civ. P. 26(f).

3.    Alternative Dispute Resolution/Settlement

      a.    Settlement discussions [have ☐ / have not ☑] taken place.

      b.    Counsel for the parties have discussed an informal exchange of information in aid of
            early settlement of this case and have agreed upon the following:
            Not applicable.
            _____
            _____
            _____

      c.    Counsel for the parties have discussed the use of the following alternate dispute
            resolution mechanisms for use in this case:  (i) a settlement conference before a
            Magistrate Judge; (ii) participation in the District's Mediation Program; and/or (iii)
            retention of a private mediator.  Counsel for the parties propose the following
            alternate dispute resolution mechanism for this case:
            Not applicable.
            _____
            _____
            _____

    d.      Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 3(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

      Not applicable.
_____
_____
_____

    e.      The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.

4.      Except for amendments permitted by Fed. R. Civ. P. 15(a)(1) and this Court's Individual Rules of Practice in Civil Cases ("Individual Rules"), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court.  Any motion to amend or to join additional parties shall be filed within 14 days from the date of this Order.  [*Absent exceptional circumstances, a date not more than 30 days following the initial pretrial conference.*]

5.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than 14 days from the date of this Order.  [*Absent exceptional circumstances, within 14 days of the parties' conference pursuant to Rule 26(f).*]

6.      [*If applicable*]  The plaintiff(s) shall provide HIPAA-compliant medical records release authorizations to the defendant(s) no later than Not applicable.

7.      Fact Discovery

    a.      All fact discovery shall be completed no later than June 15, 2019.  [*A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.*]

    b.      Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by March 15, 2019.

    c.      Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York shall be served by March 15, 2019.  No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).

    d.      Unless otherwise ordered by the Court, contention interrogatories pursuant to Rule 33.3(c) of the Local Civil Rules of the Southern District of New York must be served no later than thirty (30) days before the close of discovery.  No other interrogatories are permitted without prior express permission of the Court.

    e.      Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by June 15, 2019.

    f.      Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by May 1, 2019.

g.    Any of the deadlines in paragraphs 7(b), (c), (e), and (f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 7(a).

8.    Expert Discovery

    a.    Anticipated types of experts, if any:

        Plaintiff anticipates engaging one or more experts to opine on the damages that it has suffered.

        Defendant anticipates engaging one or more rebuttal expert.

    b.    All expert discovery shall be completed no later than  July 29, 2019 .
        [*Absent exceptional circumstances, a date 45 days from the date in paragraph 7(a) (e.g., the completion of all fact discovery). Omit unless types of experts are identified.*]

    c.    Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by  May 31, 2019 .
        [*Absent exceptional circumstances, the date in paragraph 7(a) (e.g. the completion of all fact discovery).*] Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by  June 14, 2019 . [*Insert date; typically two weeks following preceding date.*]

    d.    No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures without the Court's express prior leave, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit set forth for expert discovery in paragraph 8(b).

9.    All counsel must confer to discuss settlement within 14 days following the close of fact discovery.

10.    Motions for summary judgment, if any, shall be filed no later than  August 23, 2019 .
[*Absent exceptional circumstances, 30 days after discovery closes.*] Pursuant to the authority of Fed. R. Civ. P. 16(c)(2) and the Court's Individual Rule 2(C), any motion for summary judgment will be deemed untimely unless a request for a pre-motion conference relating thereto is made in writing within one week after the close of discovery. The parties should review the Court's Individual Rule 2(C) for further details on the submission of, and responses to, pre-motion letters. In cases where the Court sets a post-discovery status conference, the parties may request that the previously scheduled conference also serve as the pre-motion conference.

11.    The joint pretrial order shall be due 30 days from the close of discovery, or if any dispositive motion is filed, 21 days from the Court's decision on such motion. The filing of the joint pretrial order and additional submissions shall be governed by Fed. R. Civ. P. 26(a)(3) and the Court's Individual Rule 5.

12.    This case [is __✔__ / is not ____] to be tried to a jury.

13.  Counsel for the parties have conferred and their present best estimate of the length of trial is
     One week.                                    .

14.  Other issues to be addressed at the Initial Pretrial Conference, including those set forth in
     Fed. R. Civ. P. 26(f)(3), are set forth below.
     Entry of a protective order governing treatment of confidential information.


Counsel for the Parties:


Andrew J. Levander                              Michael J. Collins


Neil A. Steiner


[*TO BE COMPLETED BY THE COURT:*]

     The Court will hold a status conference on _____August 20, 2019 at 3:00 p.m._____.
A joint letter updating the Court on the status of the case shall be filed on ECF by
__August 13, 2019___.  The letter should include the following information in separate paragraphs:

     (1)  all existing deadlines, due dates, and/or cut-off dates;

     (2)  a brief description of any outstanding motions;

     (3)  a brief description of the status of discovery and of any additional discovery that remains
          to be completed;

     (4)  the status of settlement discussions;

     (5)  the anticipated length of trial and whether the case is to be tried to a jury;

     (6)  whether the parties anticipate filing motions for summary judgment; and

     (7)  any other issue that the parties would like to address at the pretrial conference or any
          other information that the parties believe may assist the Court.


     This Order may not be modified or the dates herein extended, except by further Order of
this Court for good cause shown.  Any application to modify or extend the dates herein (except
as provided in paragraph 7(g)) shall be made in a written application in accordance with the
Court's Individual Rule 1(E) and shall be made no less than 2 business days prior to the
expiration of the date sought to be extended.

     SO ORDERED.

Dated: February 21, 2019                    _____
New York, New York                          GREGORY H. WOODS
                                            United States District Judge